**In re NOVELTY WOOD WORKS CO.**

**No. 16212.**

District Court, W. D. Pennsylvania.

July 2, 1931.

Harold F. Mook, of Erie, Pa., for Fred Caflisch, Union City Chair Co., and estate of J. C. Caflisch.

A. W. Mitchell, of Erie, Pa., for Marine Nat. Bank.

GIBSON, District Judge.

The bankrupt operated a small manufacturing plant at Union City, Erie county, this district. The listed unsecured claims amounted to $58,717.53. The largest creditors were the J. C. Caflisch estate and the Union City Chair Company, whose claims were respectively $14,852 and $16,295.93.

The trustee, in course of administration, offered for sale certain assets of the estate which had been appraised for $9,200. Upon sale these assets were knocked down to the highest bidder for $3,000. The sale was properly advertised, and all legal requirements were observed.

Subsequent to the sale one Fred Caflisch, a brother of one of the principal creditors of

the bankrupt, appeared before the referee and filed a petition wherein he recited that he had attended the sale, but did not have opportunity to inspect the property to be sold beforehand, and did not know fully of what it consisted. He prayed that the confirmation of the sale be refused, and tendered, in connection with his petition, a bond, the condition of which was "that if the above bounden, Fred Caflisch, J. Crawford Caflisch and C. W. Davison, their heirs, Executors and Administrators, or any of them, shall pay unto W. O. Morrow, Trustee of Novelty Wood Works, Bankrupt, any sum in excess of Three Thousand ($3,000.00) Dollars, up to Five Thousand ($5,000.00) Dollars, which may be bid at any re-sale of the assets of the Novelty Wood Works, Bankrupt, which may be held pursuant to Order of the Referee in Bankruptcy, or the District Court, * * * then this Obligation to be null and void," etc.

The referee, after hearing upon exceptions to the confirmation of the sale, properly found that the petitioner had had full opportunity to inspect the goods, and that J. Crawford Caflisch, a creditor, for whom the petitioner was acting, had full knowledge of the sale and had expressed an entire lack of interest in it. So finding, he dismissed the exceptions and entered an order confirming the sale. That order has been certified to this court for review.

Upon consideration of the matter, we see no proper reason for setting aside the referee's order. If the condition of the bond had been that the principal therein would make an initial bid of $5,000 and pay that amount to the referee, in case he were the highest bidder and the property were sold to him, this court would be required to seriously consider whether or not the increase of $2,000 over the amount secured at the sale did not establish such an inadequacy of price as would require the court to vacate the order of confirmation and order a resale. But such was not the condition of the bond. The undertaking of that instrument is only to pay any sum in excess of $3,000, up to $5,000, which may be bid at the resale. Under this undertaking there is no certainty of any increase in the sale price. Judicial sales duly advertised and properly conducted should not be set aside upon any such unsubstantial ground as shown here.

An order setting aside the exceptions and confirming the order of the referee will be made.